IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE RAQUINIO,<br><br>                      Plaintiff,<br><br>     vs.<br><br>ROBERT BROWN, KAENA D.<br>HOROWITZ, JOSEPH<br>KAMELAMELA, ROLAND TALON,<br><br>             Defendants. | CIV. NO. 22-00078 JMS-WRP<br><br>ORDER DISMISSING AMENDED<br>COMPLAINT, ECF NO. 9, WITH<br>LEAVE TO AMEND |

## ORDER DISMISSING AMENDED COMPLAINT, ECF NO. 9, WITH LEAVE TO AMEND

### I. INTRODUCTION

On March 7, 2022, pro se Plaintiff Noe Raquinio ("Plaintiff" or "Raquinio") filed an Amended Complaint naming attorneys Robert Brown, Kaena Horowitz, Joseph Kamelamela, and Roland Talon as Defendants.  ECF No. 9.  For the reasons set forth below, the court DISMISSES the Amended Complaint with leave to amend.

### II. BACKGROUND

**A.     The Complaint**

On February 28, 2022, Plaintiff filed the original Complaint naming attorneys Robert Brown, Kaena Horowitz, Joseph Kamelamela, and Roland Talon

as Defendants.  ECF No. 1.  That same day, Plaintiff filed an Application to proceed in forma pauperis ("IFP Application"), ECF No. 6.

On March 2, 2022, the court granted Plaintiff's IFP Application and dismissed his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), with leave to amend.  ECF No. 7.  In dismissing the Complaint, the court specified the following deficiencies: (1) failure to comply with Federal Rule of Civil Procedure 8; (2) failure to specify the constitutional or statutory right Raquinio believes was violated; and (3) failure to establish the basis for this court's subject matter jurisdiction.  *See id.* at PageID ## 23-25.  The court granted Plaintiff the opportunity to amend his pleading, instructing that any amended complaint must clearly:

(1)   Tell the court the constitutional or statutory right he believes was violated;

(2)   State the name of each defendant who violated that right;

(3)   State how each defendant has injured him.  In other words, Raquinio must list each defendant and explain to the court what it is that each defendant did or failed to do, and the specific injury that Raquinio suffered as a result;

(4)   State what relief is being sought.  In other words, Raquinio must explain what it is he would like the court to do; and

(5)   State the basis for this court's jurisdiction, whether federal question or diversity.

*Id*. at PageID # 26.  The court granted Plaintiff leave to amend his pleading by March 30, 2022.  *Id*. at PageID # 27.

**B.      The Amended Complaint**

On March 7, 2022, Plaintiff filed an Amended Complaint through which he apparently asserts that Defendants violated his civil rights under 42 U.S.C. § 1983.  ECF No. 9 at PageID # 32 ("Federal question jurisdiction arises pursuant to 42 USC 1983.").  Although unclear, Plaintiff *appears* to allege[1] the following:  On September 26, 2020, after an unspecified incident, Plaintiff suffered various injuries to his arm, spine, and teeth.  *Id*. at PageID # 33.  A settlement agreement related to that September 26, 2020 incident was apparently negotiated between Plaintiff and the County of Hawaii at some point following that incident. *See id.* at PageID ## 32-33 (alleging that the "County of Hawaii failed to start negotiations with out [sic] properly following negotiation procedures").  Plaintiff alleges that the three County of Hawaii corporation counsel Defendants—Kaena Horowitz, Joseph Kamelamela, and Roland Talon, *see id*. at PageID # 32— "administered the corruption" of that settlement, *see id*. at PageID # 34.  According to Plaintiff, the alleged corruption includes filing of a settlement agreement that was in a "different format," "style lettering," and length than the "original

---

[1] At screening, Plaintiff's well-pleaded factual allegations are accepted as true. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

settlement agreement." *Id*. at PageID ## 34-35 (stating that the original settlement agreement was "about 20 pages long" and the filed agreement was "only 4 pages long," and that a recording made by Horowitz contains the specific terms of the agreement that, if violated, "terminate[] the settlement agreement").[2]

Further, Plaintiff asserts that the "employees of any one partnerships of defendants or the company they represent and all below them," which apparently includes the Hawaii County Police Department, violated the original settlement agreement by "trespass[ing] on to private property [to] break [into] [Plaintiff's] garage" to administer "poised [sic] gas and pesticides everyday" and engage in "vehicle tampering." *Id*. Plaintiff states that Defendants were "all involved in some transaction in one form or the other either indirectly or directly" and "had knowledge over the scamming [related to] insurance compensation." *Id*. at PageID # 35.

Plaintiff seeks damages for unspecified "injuries sustained," "including pain and suffering." *Id*.; *see also id*. at PageID # 32 ("This [is a] claim for monetary compensation for the injuries [Plaintiff] sustained . . . on Sept. 26[,] 2020.").

---

[2] Plaintiff also appears to assert that the "original settlement agreement" was "not in good faith" because it was "based on the medical reports." ECF No. 9 at PageID # 34.

### III.  <u>STATUTORY SCREENING</u>

The court must screen the complaint for each civil action commenced pursuant to 28 U.S.C. § 1915(a), which governs IFP proceedings.  The court must sua sponte dismiss a complaint or claim that is "frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1)-(2). In considering whether a complaint fails to state a claim, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and determine whether these allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affs.*, 521 F.3d 1061, 1065 (9th Cir. 2008).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim.  *See UMG Recordings,*

*Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  That is,

Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]"

and "[a] pleading that offers labels and conclusions or a formulaic recitation of the

elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and

quotation marks omitted).  "Nor does a complaint suffice if it tenders naked

assertions devoid of further factual enhancement." *Id.* (citation and quotation

marks omitted).  Further, a complaint that is so confusing that its "true substance, if

any, is well disguised" may be dismissed for failure to satisfy Rule 8.  *Hearns v.

San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting

*Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

       Plaintiff is appearing pro se; consequently, the court liberally

construes the Amended Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94

(2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).

The court also recognizes that "[u]nless it is absolutely clear that no amendment

can cure the defect . . . a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action."

*Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v.

Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

# IV.  DISCUSSION

## A.    Plaintiff's Claims Under 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020).  A defendant has acted under color of state law where that defendant has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Atkins*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1209 (9th Cir. 2002) ("Whether a private party engaged in state action is a highly factual question.").

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

7

acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). To survive screening, Plaintiff must allege facts permitting a plausible inference that he has suffered deprivation of a constitutional right, within the meaning of § 1983, and that the violation was committed by a person acting under color of state law.

Although Raquinio states that "[f]ederal question jurisdiction [in this action] arises under [42 U.S.C. § 1983]," Plaintiff has not alleged facts sufficient to demonstrate that he has suffered a deprivation of a constitutional right under § 1983. The Amended Complaint is based on conclusory allegations and generalities, without any allegation of the specific wrongdoing each Defendant committed in violation of § 1983. In fact, Plaintiff fails to make any specific allegations—at all—against Defendant Robert Brown in the Amended Complaint; therefore, any § 1983 claim against Brown in the Amended Complaint necessarily fails. And although it is unclear whether Plaintiff is asserting official-capacity or individual-capacity claims against the remaining Defendants (County of Hawaii attorneys Horowitz, Kamelamela, and Talon, ECF No. 9 at PageID # 32), for the reasons discussed below, any § 1983 claim against those Defendants, as pled in the Amended Complaint, fails.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n.55. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell* . . . , local government units can be sued directly for damages and injunctive or declaratory relief." *Graham*, 473 U.S. at 167 n.14. And a plaintiff bringing a § 1983 action against a local government must establish an affirmative causal link between the local government's policy or practice and the alleged constitutional violation. *See, e.g.*, *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020).

But Plaintiff fails to make arguments under either theory of municipal liability. That is, in addition to failing to allege a violation of any specific right guaranteed to him by the Constitution or laws of the United States, Plaintiff also fails to identify or articulate any specific policy or practice of the County that caused a deprivation of his rights under § 1983. Further, to the extent Plaintiff asserts an otherwise unspecified "violat[ion]" of the April 6 settlement agreement, he alleges that "employees of any one partnerships of defendants or the company they represent and all below them" committed that violation, *not* Horowitz,

Kamelamela, Talon, or the County of Hawaii itself via policy or practice.  *See* ECF
No. 9 at PageID # 34.  Thus, as pled, any § 1983 claims against Horowitz,
Kamelamela, and Talon in Plaintiff's Amended Complaint fail.[3]

**B.    The Amended Complaint Also Fails to Comply with Rule 8**

Additionally, "[w]hile 'the proper length and level of clarity for a
pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to
be violated by a pleading that was needlessly long, or a complaint that was highly
repetitious, or confused, or consisted of incomprehensible rambling.'"  *Cafasso,
U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011)
(quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*
§ 1217 (3d ed. 2010)); *see Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013)
(stating that a violation of Rule 8 can be found "when a pleading says *too little*"
and also "when a pleading says *too much*"); *see also McHenry v. Renne,* 84 F.3d
1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints . . . impose unfair
burdens on litigants and judges.").

Here, the Amended Complaint is not a "short and plain statement of
the claim" showing that Plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The

---

[3] Any individual-capacity claims against Defendants Horowitz, Kamelamela, and Talon
also fail.  Plaintiff fails to allege any violation of any specific right guaranteed to him by the
Constitution or Laws of the United States.  And, even liberally construing the Amended
Complaint, the court is unable to identify any constitutional right allegedly violated by any of the
Defendants.  Without any underlying violation of a constitutional right, Plaintiff's § 1983 claims
necessarily fail.  *See Atkins*, 487 U.S. at 48.

Amended Complaint comprises a confusing recitation of various alleged wrongs and conspiracies committed against Plaintiff at an unidentified time by any of the individuals listed as Defendants. *See generally* ECF No. 9.

Although Plaintiff appears to allege "corruption" against several Defendants, *see* ECF No. 9 at PageID # 34, he does not specify which Defendants are in violation of any of Plaintiff's rights under any particular law. This leaves Defendants and the court to guess what those rights may be. Even construed liberally, the court and Defendants must guess as to which claims in the Amended Complaint are asserted against which Defendants and what factual allegations support each claim. That is, the Amended Complaint fails to provide facts that would give notice to the Defendants as to whether any particular claim or claims are directed at them. As such, it is impossible for any of the Defendants to answer or defend against the Amended Complaint. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Cafasso*, 637 F.3d at 1059; *see also Silver v. Queen's Hosp.*, 53 F.R.D. 223, 225 (D. Haw. 1971) ("Every plaintiff filing a complaint in a Federal District Court must prepare his complaint in conformity with . . . Rule 8(a). It is not the function of trial judges to redraft, edit or otherwise conform complaints to the requirements of the cited rule.").

## V. **LEAVE TO AMEND**

Accordingly, Plaintiff's Amended Complaint is DISMISSED, but the court will afford Plaintiff one final opportunity to amend his complaint. If Raquinio chooses to file a second amended complaint, using short and plain statements, he must clearly:

(1) State the basis for this court's jurisdiction, whether federal question or diversity;

(2) Tell the court the specific constitutional or statutory right he believes was violated;

(3) State the name of each defendant who violated that right;

(4) State how each defendant has injured him. In other words, Raquinio must list each defendant and explain to the court what it is that each defendant did or failed to do, and the specific injury that Raquinio suffered as a result; and

(5) State what relief is being sought. In other words, Raquinio must explain what it is he would like the court to do.

If Raquinio fails to affirmatively link the conduct of each named Defendant with the specific injury he suffered, the allegations against each Defendant will be dismissed for failure to state a claim.

Raquinio must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the Amended Complaint by reference. Any cause of action not raised in the second

12

amended complaint is waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, any second amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Local Rule 10.4 requires that any amended complaint be complete in itself, without reference to any prior pleading.  A second amended complaint generally supersedes a prior amended complaint, and it must also be short and plain, in compliance with Rule 8.  Defendants not renamed and claims not realleged in a second amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928.

Failure to file an amended complaint by April 29, 2022 will result in automatic dismissal of this action.

///

///

///

///

///

///

///

# VI.  <u>CONCLUSION</u>

The Amended Complaint, ECF No. 9, is DISMISSED pursuant to

28 U.S.C. § 1915(a)(1) and 1915(e)(2)(B) for failure to state a claim, with partial

leave to amend as set forth above.  Any second amended complaint must be filed

by April 29, 2022.  Failure to file a second amended complaint by April 29, 2022

will result in automatic dismissal of this action without further notice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 29, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Raquinio v. United States*, Civ. No. 22-00078 JMS-WRP, Order Dismissing Amended
Complaint, ECF No. 9, with Leave to Amend